UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ORVILLE WALSH,                         )

                                     )

                 Plaintiff,      )           **AMENDED COMPLAINT**

                                     )

     -against-                 )           **JURY TRIAL DEMANDED**

                                     )

THE CITY OF NEW YORK; POLICE OFFICER  )     17 Civ. 4660 (WHP) (KHP)
WILLIAM STANLEY, Shield No. 08717;       )
LIEUTENANT ERNESTO CASTRO; POLICE   )
OFFICER CARL JENKINS; POLICE OFFICER  )
NILSA PATRICIO; POLICE OFFICER CHARLES )
KENDLEY; POLICE OFFICER TOVELLE      )
SOUTH; JOHN DOES #s 1-4; JOHN DOE      )
COMMANDING OFFICER; JOHN DOES; and   )
RICHARD ROES,                     )

                                     )

                 Defendants.    )

-----------------------------------------------------------------X

## PRELIMINARY STATEMENT

     1.     This is a civil rights action in which the plaintiff ORVILLE WALSH seeks relief

for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C.

Section 1983, by the United States Constitution, including its First, Fourth and Fourteenth

Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks

damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and

attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

3.      The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every one of their claims as pleaded herein.

## VENUE

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.      Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on April 15, 2016, within 90 days of his arrest and physical abuse complained of herein.  Plaintiff also filed a subsequent Notice of Claim with the Comptroller of the City of New York on June 7, 2016, within 90 days of the dismissal of the false charges against him complained of herein. More than 30 days have elapsed since service of these Notices of Claim, and adjustment or payment thereof has been neglected or refused.

2

## PARTIES

7.      Plaintiff ORVILLE WALSH was at all times relevant herein a resident of the State of New York, Bronx County.  Plaintiff ORVILLE WALSH is African-American.

8.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9.      Defendants POLICE OFFICER WILLIAM STANLEY, LIEUTENANT ERNESTO CASTRO, POLICE OFFICER CARL JENKINS, POLICE OFFICER NILSA PATRICIO, POLICE OFFICER CHARLES KENDLEY, POLICE OFFICER TOVELLE SOUTH, JOHN DOES #s 1-4, JOHN DOE COMMANDING OFFICER and JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their

duties.  Defendants POLICE OFFICER WILLIAM STANLEY, LIEUTENANT ERNESTO CASTRO, POLICE OFFICER CARL JENKINS, POLICE OFFICER NILSA PATRICIO, POLICE OFFICER CHARLES KENDLEY, POLICE OFFICER TOVELLE SOUTH, JOHN DOES #s 1-4, JOHN DOE COMMANDING OFFICER and JOHN DOES are sued individually and in their official capacity.

10.     Defendants LIEUTENANT ERNESTO CASTRO, JOHN DOE COMMANDING OFFICER and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants LIEUTENANT ERNESTO CASTRO, JOHN DOE COMMANDING OFFICER and RICHARD ROES are sued individually and in their official capacity.

## STATEMENT OF FACTS

11.     Plaintiff lives in an apartment building located at 1888 Arthur Avenue, Bronx, NY.

12.     On March 22, 2016, approximately 8:15 a.m., Plaintiff observed a neighbor of his

4

in a parking dispute with approximately four JOHN DOES (identified herein as JOHN DOES #s

1-4) Defendants – on information and belief POLICE OFFICER CARL JENKINS, POLICE

OFFICER NILSA PATRICIO, POLICE OFFICER CHARLES KENDLEY, and POLICE

OFFICER TOVELLE SOUTH - and Defendant Police Officer STANLEY (who were all in plain

clothes, and who Plaintiff at that time did not yet know were members of the NYPD) in front of

his apartment building.

13.     Plaintiff intervened to try to separate the arguers.

14.     These officers who were arguing with Plaintiff's neighbor wanted Plaintiff's

neighbor to leave the parking spot Plaintiff's neighbor was parked in, so that they could have the

parking spot.

15.     In the course of Plaintiff of trying to make peace and to explain the parking

regulations on that block that were in effect, Plaintiff became drawn into the argument due to the

aggressiveness of the DOES and STANLEY.

16.     STANLEY said that Plaintiff's neighbor had to move his car, and Plaintiff and

STANLEY began cursing at each other.

17.     STANLEY told Plaintiff, in sum and substance, that he was going to go put on his

uniform, and then come back to arrest Plaintiff, which for the first time indicated to Plaintiff that

STANLEY was a police officer.

18.     STANLEY then left the location, as did the DOES.

19.     The following morning, March 23, 2016, at approximately 7:45 a.m., Plaintiff was

coming out from his building when again encountered STANLEY, this time wearing a NYPD

uniform.

5

20.     STANLEY had been waiting for Plaintiff.

21.     STANLEY ran up the stairs that led from the sidewalk to the entrance to Plaintiff's building and grabbed Plaintiff by his right arm, and said that he was going to arrest Plaintiff.

22.     When Plaintiff asked what he was going to be arrested for, STANLEY said, in sum and substance, that Plaintiff was being arrested for blocking the doorway to his own apartment building.

23.     Plaintiff had not done anything illegal, and had just emerged from his own apartment building, and was not blocking ingress or egress in any way.

24.     STANLEY's accusation of blocking the doorway was a pretext for his retaliatory arrest of Plaintiff due to Plaintiff's words from the day before.

25.     Plaintiff, shocked at what was happening, grabbed onto the handrail that was part of the stairway to try to keep STANLEY from being able to pull his arm, and shouted to his neighbor who lived upstairs.

26.     Plaintiff told STANLEY that there was no lawful basis to arrest him, and told STANLEY that he lived in the building.

27.     Plaintiff after a short time stopped resisting STANLEY's attempts to pull his arm back.

28.     During the course of arresting Plaintiff, STANLEY pulled Plaintiff's arm violently, causing Plaintiff to sustain serious injury.

29.     Plaintiff had a pre-existing injury to his right shoulder, which STANLEY seriously exacerbated and re-injured.

30.    Plaintiff tried to explain to STANLEY that he had a prior injury and therefore could not be rear-handcuffed in the manner in which STANLEY was doing due to the prior injury, but STANLEY paid Plaintiff no heed and continued to roughly rear-handcuff him.

31.    Once STANLEY rear-handcuffed Plaintiff, he walked Plaintiff down the street to a nearby office building, which houses an office of the NYPD's School Safety Division.

32.    JOHN DOE COMMANDING OFFICER – on information and belief Defendant LIEUTENANT ERNESTO CASTRO - was present there, and told STANLEY to take Plaintiff to the NYPD 48th Precinct.

33.    STANLEY then took Plaintiff to the NYPD 48th Precinct in a van.

34.    At the 48th Precinct STANLEY searched Plaintiff and confiscated Plaintiff's property, and put Plaintiff into a cell.

35.    After approximately 10 minutes in the cell Plaintiff was released from custody with a bogus summons.

36.    The summons, which charged Plaintiff with disorderly conduct in violation of NY Penal Law § 240.20(5) (obstruction of pedestrian traffic) was signed by STANLEY under penalty of perjury and falsely alleges that STANLEY personally observed as follows: "Deft [defendant] was obs [observed] standing i/f/o [in front of] door to above location [1888 Arthur Ave.] blocking entrance / exit.  Deft was asked to move and refused."  Elsewhere on the summons STANLEY wrote that "Deft was obs standing directly i/f/o front door to an apartment building."

37.    These allegations are lies.

38.    Plaintiff was not blocking the entrance / exit to the building.

39.    Plaintiff had just emerged from the building when STANLEY arrested him on a

pretext in retaliation for Plaintiff's words from the day before.

40.     STANLEY never asked Plaintiff to move.

41.     As Plaintiff left the precinct upon receipt of the summons, STANLEY said to him, in sum and substance, "You guys aren't going to be parking here."

42.     The bogus charges against Plaintiff were dismissed by the Criminal Court *sua sponte* on May 11, 2016.

43.     STANLEY has been indicted stemming from his arrest of Plaintiff, and is charged with two counts of first-degree Offering a False Instrument for Filing, two counts of second-degree Offering a False Instrument for Filing, two counts of first-degree Falsifying Business Records, two counts of second-degree Falsifying Business Records, Making a Punishable False Written Statement, second-degree Unlawful Imprisonment, and Official Misconduct.

44.     A press release from the Bronx District Attorney's office released at the time of STANLEY's indictment stated that STANLEY had "been indicted for falsely arresting a Bronx man in retaliation for a dispute over parking near an NYPD office in the Tremont section of the Bronx." The Bronx District Attorney, Darcel D. Clark, was further quoted as saying, "This police officer allegedly abused his authority to settle a petty score in a months-long parking feud between residents and officers assigned to the School Safety Division office on Arthur Avenue."

45.     In addition to STANLEY, on information and belief the other individual Defendants - LIEUTENANT ERNESTO CASTRO, POLICE OFFICER CARL JENKINS, POLICE OFFICER NILSA PATRICIO, POLICE OFFICER CHARLES KENDLEY, and POLICE OFFICER TOVELLE SOUTH – were also a part of the "months-long parking feud between residents and officers assigned to the School Safety Division office on Arthur Avenue"

that was referenced by the Bronx District Attorney in her press release, and fostered and participated in the culture of corruption and impunity within the School Safety Division on Arthur Avenue that was a contributing factor in causing the harms suffered by Plaintiff.

46.     The District Attorney's press release also stated that, according to their investigation, following the argument over the parking spot on March 22, 2016, STANLEY and some or all of the JOHN DOES #s 1-4 – on information and belief POLICE OFFICER CARL JENKINS, POLICE OFFICER NILSA PATRICIO, POLICE OFFICER CHARLES KENDLEY, and POLICE OFFICER TOVELLE SOUTH -  complained to their lieutenant (on information and belief the JOHN DOE COMMANDING OFFICER, who on information and belief is LIEUTENANT ERNESTO CASTRO), who "assigned STANLEY to control parking on the block the next morning."

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

47.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

48.     By their conduct and actions in seizing plaintiff, searching plaintiff, falsely arresting and imprisoning plaintiff, assaulting and battering plaintiff, trespassing upon plaintiff, abusing plaintiff while he was in police custody, maliciously prosecuting[1] plaintiff, abusing process against plaintiff, violating rights to due process of plaintiff (including fabricating

---

1 A federal claim for post-arrest pre-trial wrongful seizure does not require a showing of malice; Plaintiff uses the phrase "malicious prosecution" solely because that has been the long-standing (if inaccurate) nomenclature that has been used to describe such a claim.

evidence against plaintiff), violating and retaliating for plaintiff's exercise of his rights to free speech and assembly, violating and retaliating for plaintiff's rights to equal protection, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants STANLEY, LIEUTENANT ERNESTO CASTRO, POLICE OFFICER CARL JENKINS, POLICE OFFICER NILSA PATRICIO, POLICE OFFICER CHARLES KENDLEY, POLICE OFFICER TOVELLE SOUTH, JOHN DOES #s 1-4, JOHN DOE COMMANDING OFFICER, DOES and/or ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

49.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

50.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

51.     By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants

LIEUTENANT ERNESTO CASTRO, JOHN DOE COMMANDING OFFICER and RICHARD

ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C.

§1983 and the United States Constitution, including its First, Fourth, and Fourteenth

amendments.

52.    As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise

damaged and injured.

## THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

53.    The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

54.    At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department, and through the individual defendants had de facto policies,

practices, customs and usages which were a direct and proximate cause of the unconstitutional

conduct alleged herein.

55.    At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department, and through the individual defendants, had de facto

policies, practices, customs, and usages of failing to properly train, screen, supervise, or

discipline employees and police officers, and of failing to inform the individual defendants'

supervisors of their need to train, screen, supervise or discipline said defendants.  These policies,

practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct

alleged herein.

56.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals' exercise of free speech and association in a manner that affronts police officers or is interpreted by police officers as challenging their authority or documenting or reporting their misconduct.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

57.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

58.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of discriminatorily engaging in unconstitutional stops, frisks, issuance of summonses, false arrests and related malicious prosecutions and abuses of process, and in unconstitutional, violent, and overly aggressive actions against black and brown individuals, and especially against black and Latino men.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

59.     At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department, and through the individual defendants, had policies,

practices, customs, and usages of routinely making false statements on summonses and issuing

summonses without probable cause.  A $75 Million settlement was recently reached in the class

action Stinson v. City of New York, et al., 10 Civ. 4228 (RWS), which concerning the wrongful

issuance of bogus summonses to over 900,000 people over the course of many years.  These

policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional

conduct alleged herein.

60.     At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department, and through the individual defendants, had policies,

practices, customs, and usages of permitting members of the NYPD to abuse their authority and /

or status to park their cars illegally, and / or to reserve and /or arrogate parking spots for their

own exclusive use that rightfully should have been available to members of the public.  These

policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional

conduct alleged herein.

61.     As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise

damaged and injured.

### **FOURTH CLAIM**

**RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK**
**FOR STATE LAW VIOLATIONS**

62.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

63.     The conduct of the individual defendants alleged herein, occurred while they were

13

on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

64.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### ASSAULT AND BATTERY

65.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

66.     By the actions described above, defendants did inflict assault and battery upon the plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

67.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

68.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

14

69.     By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

70.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### VIOLATION OF AND RETALIATION FOR THE EXERCISE OF RIGHTS TO FREE SPEECH AND ASSEMBLY

71.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

72.     By the actions described above, defendants violated, and retaliated for the exercise of, the free speech and assembly rights of plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

73.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

### TRESPASS

74.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

75.     The defendants willfully, wrongfully and unlawfully trespassed upon the persons of plaintiff.

76.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

### NEGLIGENCE

77.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

78.     The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

79.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

80.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

81.     Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

82.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

## VIOLATION OF RIGHTS TO EQUAL PROTECTION OF LAW

83.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

84.     By the actions described above, defendants violated plaintiff's rights to equal protection of law.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

85.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

## MALICIOUS PROSECUTION

86.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

87.     By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

88.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRTEENTH CLAIM

## ABUSE OF PROCESS

89.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

90.     By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts. The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the

18

State of New York.

91.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTEENTH CLAIM

## CONSTITUTIONAL TORT

92.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

93.     Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 8, 9, 11 and 12 of the New York State Constitution.

94.     A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 9, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

95.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTEENTH CLAIM

## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

96.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

97.     By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or

negligently caused emotional distress to plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

98.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

a.  Compensatory damages;

b.  Punitive damages;

c.  The convening and empaneling of a jury to consider the merits of the claims herein;

d.  Costs and interest and attorney's fees;

e.  Such other and further relief as this court may deem appropriate and equitable.

Dated:       New York, New York
            January 16, 2018

                                      _/S/__Jeffrey A. Rothman_____
                                        JEFFREY A. ROTHMAN, Esq.
                                        315 Broadway, Suite 200
                                        New York, New York 10007
                                        (212) 227-2980

                                        Attorney for Plaintiff